UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FOREST ALLIANCE, ) <br> INDIANA INTERCHURCH CENTER, ) <br> VETERANS IN INDUSTRY AND ARTS, ) <br> GARY MOODY, ) <br> CLARK KAHLO, ) <br> FELICITY KELCOURSE, ) <br> KAPPA DELTA PI, INTERNATIONAL ) <br> HONOR SOCIETY IN EDUCATION, ) <br> INTERNATIONAL HONOR SOCIETY IN ) <br> EDUCATION, ) <br> MARY T. BOOKWALTER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ROBERT A. MCDONALD Secretary of ) <br> Veterans Affairs, ) <br> U.S. DEPARTMENT OF VETERANS ) <br> AFFAIRS, ) <br> RONALD E. WALTERS Interim Under ) <br> Secretary for Memorial Affairs, National ) <br> Cemetery Association, ) <br> NATIONAL CEMETERY ASSOCIATION, ) <br> ) <br> Defendants. ) | No. 1:16-cv-03297-JMS-MPB |

**MAGISTRATE JUDGE'S ORDER ON TELEPHONIC STATUS CONFERENCE**

This matter came before the Honorable Matthew P. Brookman, United States Magistrate Judge, by telephone, at 3:30 p.m., Indianapolis time (EST), on December 7, 2016, for a conference under Rule 16, Federal Rules of Civil Procedure. Parties were represented by counsel.

Thereafter, the following **ORDER** is entered:

1) Plaintiffs acknowledge that—given notice has been provided to Defendants; a

   preliminary injunction briefing schedule has been established, below; Defendants

1

proposed course of action as to the property in question is not set to begin until January 2017; and the Federal Rules of Civil Procedure provides the general timing for Rule 65 temporary restraining orders not to exceed fourteen (14) days, a time set to expire before action is to begin on the property in question—the *Verified Emergency Motion for Temporary Restraining Order* is no longer appropriate for this case in order to maintain *status quo*. See Fed. R. Civ. P. Rule 65(B)(2). Therefore, the Court **DENIES without prejudice** Plaintiffs' *Verified Emergency Motion for Temporary Restraining Order* (Docket No. 3), providing Plaintiffs leave to refile if the circumstances change necessitating a more exigent action.

2) Defendants shall disclose the administrative record for purposes of the preliminary injunction and summary judgment by **Wednesday, December 14, 2016.**

3) The briefing for the *Motion for Preliminary Injunction* shall be as follows:

   a) Plaintiffs shall file their motion by **Friday, December 16, 2016**;

   b) Defendants shall file their response by **Friday, December 23, 2016** (December 23 is the filing deadline regardless of the Court's closure on December 23 and December 26, 2016. CM/ECF will be accessible for filing.); and

   c) Plaintiffs have agreed to waive reply, therefore, no reply shall be filed.

4) The briefing for summary judgment motions shall be as follows:

   a) Defendants shall file their motion by **Friday, December 23, 2016** (December 23 is the filing deadline regardless of the Court's closure on December 23 and December 26, 2016. CM/ECF will be accessible for filing.);

   b) Plaintiffs shall file their response and cross summary judgment motion by **Monday, January, 23, 2017**;

   c) Defendants shall file a reply to their summary judgment motion and a response to

Plaintiffs' summary judgment motion by **Thursday, February 23, 2017**; and

d) Plaintiffs shall file a reply to Defendants' summary judgment motion by **Thursday, March 23, 2017**.

This order has been formulated after a conference at which the respective parties have appeared. Any party shall file any corrections or additions within fourteen (14) days after receipt of this order.

**SO ORDERED.**

**Dated:** December 9, 2016

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.